IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLIANCE OF NONPROFITS FOR INSURANCE, RISK RETENTION GROUP,** *Plaintiff,* | : : : : |
| v. | : CIVIL NO. 23-00215 |
| **LM GENERAL INSURANCE COMPANY,** *Defendant.* | : : : : : |

## MEMORANDUM

**Scott, J.**                                                                                         **April 5, 2024**

This is a declaratory judgment action between Plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group ("ANI") and LM General Insurance Company ("Liberty") concerning the priority of insurance coverage available to Gertrude Montgomery, a mutual insured, for a bodily injury claim arising out of an automobile accident that occurred on or about August 11, 2021 (the "Claim"). Currently pending before the Court are cross motions for judgment on the pleadings, which have been fully briefed. *See* ECF Nos. 17–24. For the reasons set forth below, the Court will deny Liberty's Motion for Judgment on the Pleadings (ECF No. 19) and grant ANI's Motion for Judgment on the Pleadings (ECF No. 17) to the extent it seeks a declaration that the relevant excess clauses are mutually repugnant and that the insurers owe coverage on an equal shares basis. An appropriate Order will follow.

**I.      BACKGROUND**

On August 11, 2021, Gertrude Montgomery was driving her 2017 Dodge Journey vehicle while acting as a volunteer for Access Services, Inc.—a nonprofit entity that provides a variety of services to people in need throughout eastern Pennsylvania. ECF No. 1 ¶¶ 8–11. On that day, Ms. Montgomery was transporting a client of Access Services, Inc. when her vehicle crashed into a

Wells Fargo Bank building, injuring an employee of Wells Fargo Bank, Patricia Wetzel. ECF No. 1 ¶¶ 14–16. Ms. Wetzel has since submitted an insurance claim for bodily injury. ECF No. 1 ¶ 18.

On the date of the accident, Ms. Montgomery was the named insured on a Liberty Auto Policy, which lists as a covered vehicle the 2017 Dodge Journey that Ms. Montgomery was driving. ECF No. 1 ¶¶ 19–21. The limit for liability for "bodily injury" in the Liberty Policy is $100,000 Each Person/$300,000 Each Accident. ECF No. 1, Ex. B at 4. Access Services, Inc., on the date of the accident, was insured by ANI under a commercial lines policy, which provided, among other coverages, commercial auto liability coverage, with a limit of liability of $1,000,000. ECF No. 1 ¶¶ 27–29. There is no dispute that the vehicle Ms. Montgomery was driving at the time of the accident was not listed as a "covered auto [Access] own[ed]"; however, Ms. Montgomery qualified as an insured under the ANI Policy due to the fact that she was acting as a volunteer employee of Access Services at the time of the accident. ECF No. 1 ¶ 31; ECF No. 7 ¶ 31. Therefore, Ms. Montgomery had insurance coverage under both the Liberty Policy and the ANI Policy at the time of the accident.

Both the ANI Policy and the Liberty Policy contain "other insurance" provisions. The Liberty Policy's other insurance provision provides in relevant part:

> If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance. However, any insurance we provide for a temporary substitute vehicle provided by a motor vehicle dealer when "your covered auto" is being transported, serviced, repaired or inspected by the motor vehicle dealer, shall be primary.

ECF No. 1, Ex. B at 13. The ANI Policy other insurance provision provides in pertinent part:

> a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. . . .

2

      b.   When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

ECF No. 1, Ex. C at 189.

## II.   PROCEDURAL HISTORY

On January 18, 2023, ANI filed its Complaint for Declaratory Judgment. ECF No. 1. The Complaint seeks a declaration that the Liberty Policy applies to the claim on a primary basis, or in the alternative, a declaration that the ANI Policy applies on a co-primary basis with the Liberty Policy, and that both Liberty and ANI shall share equally in the Claim. *Id.* On March 24, 2023, Liberty filed its Answer to the Complaint, with affirmative defenses and a counterclaim. ECF No. 7. Following an Initial Pre-Trial Conference held on May 9, 2023, this Court issued a briefing schedule for cross motions for judgment on the pleading. ECF No. 15. Accordingly, on July 10, 2023, the parties filed their respective motions for judgment on the pleadings (ECF No. 17 (ANI's Motion), ECF No. 19 (Liberty's Motion)); on August 9, 2023, the parties filed responses to the motions (ECF No. 21 (ANI's Response to Liberty's Motion), ECF No. 22 (Liberty's Response to ANI's Motion)); and on August 23, the parties filed replies in support of their motions. ECF No. 23 (Liberty's Reply), ECF No. 24 (ANI's Reply). Accordingly, this matter is fully briefed and ripe for resolution.

## III.   STANDARD OF REVIEW

### A.   Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings "will not be granted unless the movant clearly establishes there are no

material issues of fact, and [they] [are] entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citation omitted). "In considering a motion for judgment on the pleadings, [a court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party." *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citation omitted). To decide a motion for judgment on the pleadings, like a motion to dismiss, "a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

      **B.**    **Insurance Policy Interpretation**

"Interpretation of an insurance policy is a question of law." *Sikirica*, 416 F.3d at 220 (citation omitted). "Courts may therefore dispose of such cases on motions for judgment on the pleadings where the sole issue is the interpretation of the policy." *Leithbridge Co. v. Greenwich Ins. Co.*, 464 F. Supp. 3d 734, 738 (E.D. Pa. 2020). In construing an insurance policy, "if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning." *Sikirica*, 416 F.3d at 220 (citing *Pac. Indem. Co. v. Linn*, 766 F.2d 754, 760–61 (3d Cir. 1985)). On the other hand, when the terms in an insurance policy are open to more than one interpretation, they are regarded as ambiguous and such ambiguous provisions must be construed against the insurer and in favor of the insured. *Ramara, Inc. v. Westfeild Ins. Co.*, 814 F.3d 660, 677 (3d Cir. 2016). However, courts should not "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity" and "[i]n any event, 'the polestar of our inquiry

4

. . . is the language of the insurance policy.'" *Canal Ins. Co v. Underwriters at Lloyd's London*, 435 F.3d 431, 435 (3d Cir. 2006) (citation omitted).

## IV.   DISCUSSION

ANI argues in its Motion that as a matter of law the Liberty Policy provides primary coverage to its Named Insured, Gertrude Montgomery, for the accident that occurred on August 11, 2021, or alternatively the Liberty Policy and the ANI Policy share equally in the loss. *See generally* ECF No. 17. In contrast, Liberty's Motion argues that it is entitled to judgment as a matter of law in its favor where there is no dispute of material fact that ANI is obligated to pay 91 percent of any judgment or settlement of the Claim. *See generally* ECF No. 19.

The Court must begin its analysis by examining the plain language of the policies. In doing so, the Court notes that the parties do not dispute that Ms. Montgomery was an insured under both the Liberty Policy and the ANI Policy. Rather, the dispute is confined to the priority of coverage, and more specifically, an examination of the parties' "other insurance" provisions.

"'Other insurance' clauses limit the extent to which an insurer is liable where there is another policy (or policies) applicable to the claimed loss." *Cont'l Ins. Co. v. McKain*, 820 F. Supp. 890, 903 (E.D. Pa. 1993) (citation omitted), *aff'd*, 19 F.3d 642 (3d Cir. 1994). "Other insurance" exists "where there are two or more insurance policies covering the same interest, the same subject matter and against the same risk." *Blue Anchor Overall Co. v. Pa. Lumbermens Mut. Ins. Co.*, 123 A.2d 413, 415 (Pa. 1956). "Under Pennsylvania case law, where two policies have been held to cover different risks, the difference has been readily apparent." *Cont'l Ins. Co.*, 820 F. Supp. at 906. Here, both policies provide coverage for the bodily injury for which any insured becomes legally responsible because of an auto accident. Accordingly, the policies are "other insurance" as to each other.

Having determined that the policies are "other insurance" as to the Claim at issue here, the Court must next consider the plain language of the "other insurance" clauses to determine the proper allocation of coverage between insurers. As quoted in the Background Section, ANI's "other insurance" provision states, in pertinent part, that "[f]or any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any collectible insurance." ECF No. 1, Ex. C at 189. Here, Ms. Montgomery was driving an auto that Access did not own; thus, this excess clause applies. Liberty's "other insurance" clause similarly is an excess clause as it states, "[i]f there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance." ECF No. 1, Ex. B at 13. Thus, the Court finds that both other insurance clauses are excess clauses that apply to this case. *See Safeco Ins. Co. of Illinois v. Harleysville Ins. Co.*, 580 F. Supp. 3d 1079, 1082–83 (M.D. Ala. 2022) (examining competing "other insurance" provisions with almost identical language to those in this case and finding the provisions are both excess insurance clauses and irreconcilable).

Having determined that both "other insurance" provisions apply here, the Court must next determine whether the provisions are reconcilable or mutually repugnant. "Policy provisions are reconcilable where a court can give effect to both provisions at once." *Meridian Sec. Ins. Co. v. Flick*, No. 4:14-CV-1532, 2015 WL 3405326, at *5 (M.D. Pa. May 26, 2015) (citing *Am. Cas. Co. of Reading, Pa. v. PHICO Ins. Co.*, 702 A.2d 1050, 1054 (Pa. 1997)). "'Other insurance' clauses are deemed mutually repugnant when they are irreconcilable and mutually exclusive; that is, following the express terms of one policy would be in direct conflict with the express dictates of another policy." *Nationwide Ins. Co. v. Horace Mann Ins. Co.*, 759 A.2d 9, 11–12 (Pa. Super. 2000) (citation omitted). "If the policies are repugnant, the Court must disregard the excess clauses, deem them stricken, and order the insurers to share in the loss." *St. Paul Fire & Marine Ins. Co.*

6

*v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 524 F. Supp. 3d 410, 418 (E.D. Pa. 2021) (citing *Allstate Ins. Co. v. Tokio Marine & Nichido Fire Ins. Co., Ltd.*, 464 F. Supp. 2d 452, 463 (E.D. Pa. 2006)).

Here, the other insurance clauses both purport to provide excess coverage—i.e., they provide "that where other insurance covers the loss, that other insurance must pay first." *Am. Cas. Co.*, 702 A.2d at 1053–54. Because the clauses are attempting to occupy the same legal status, they are irreconcilable and "mutually repugnant because, by following the express dictates of one policy, we would be in direct conflict with the dictates of the other." *Id.* at 1054; *see also Hoffmaster v. Harleysville Ins. Co.*, 657 A.2d 1274, 1278 (Pa. Super. 1995) ("[T]hey cannot be excess to each other, since they are identical. It is sort of 'After you Alfonse; no you, Gaston' act which the courts refuse to countenance." (citation omitted)). As the clauses are mutually repugnant excess-coverage clauses, the "clauses must be disregarded, leaving both policies to apply as primary insurance." *Tokio Marine*, 464 F. Supp. 2d at 463. Accordingly, the Court will disregard the excess clauses, deem them as stricken, and order the insurers to share in the loss. *Id.*

The Court notes that ANI argues that the Liberty Policy provides primary coverage based on *Nationwide Ins. Co. v. Horace Mann Ins. Co.*, 759 A.2d 9 (Pa. Super. 2000). In that case, Joseph and Irene Fava were passengers in their vehicle, driven by Jack Shaw with their permission, when it collided with another car. *Id.* at 10. The Fava vehicle was insured by Nationwide, and Shaw owned a vehicle insured by Mann. *Id.* The Nationwide Policy provided in relevant part: "In any loss involving the use of **your auto**, **we** will be liable for only **our** share of the loss if there is other collectible liability insurance. **Our** share is **our** proportion of the total insurance limits for the loss." *Id.* at 11. The Mann Policy provided, in pertinent part: "If an **insured** is using a . . . **non-owned car**, **our** liability insurance will be excess over other collectible insurance." *Id.* In *Horace Mann*, the court held these other insurance clauses were not irreconcilable because the Nationwide Policy

7

contained a pro rata provision, while the Mann Policy contained an excess provision. Thus, the court held that "the Mann policy, while 'applicable,' was 'collectible' only after the Nationwide policy was exhausted." *Id.* at 13.

ANI argues that *Horace Mann* supports the proposition that there is a difference between "applicable" and "collectible" insurance. *See* ECF No. 17 at 9–15. But *Horace Mann* is not on point because that case involved reconciling pro rata and excess clauses, whereas here the Court is presented with two competing *excess* clauses. *See Fireman's Fund Ins. Co. v. Empire Fire & Marine Ins. Co.*, 155 F. Supp. 2d 429, 433 n.8 (E.D. Pa. 2001) (finding *Horace Mann* not on point where the court was examining two competing excess clauses). Accordingly, the Court finds that under the language of the policies, the excess clauses are mutually repugnant and must be stricken.

Having determined that both insurers are to share generally in the loss, the Court must turn to the question of how that loss should be apportioned between the insurers. In *American Casualty Company of Reading, Pa. v. PHICO Insurance Company*, the Pennsylvania Supreme Court held that where the provisions are mutually repugnant, liability payments are apportioned by equal shares—that is, "each insurer match[es] dollar for dollar payments up to the limits of the lower policy, and . . . any remaining portion of the loss [is] paid from the larger policy up to its limits." 702 A.2d at 1053. Therefore, under Pennsylvania law, Liberty and ANI owe coverage on an equal shares basis.

Liberty argues that applying the equal shares method directly contradicts the plain language of the policies, which Liberty argues plainly state that the parties should provide coverage on a pro rata basis. Liberty's Policy provides that "[i]f more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance" and ANI's Policy provides that "[w]hen this Coverage Form and any other Coverage Form or policy covers on the

8

same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis." *See* ECF No. 1, Ex. B at 13, Ex. C at 189. Given the language in these policies, Liberty argues that allocation should be proportional to the total limits of each insurance policy.

In support of this argument, Liberty relies on *United Financial Casualty Company v. Princeton Excess & Surplus Lines Insurance Company*, No. 15-cv-6840, 2017 WL 2215263 (E.D. Pa. May 19, 2017), *supplemented*, 2017 WL 6403000 (E.D. Pa. Aug. 1, 2017), *aff'd*, 748 F. App'x 435 (3d Cir. 2018). In *United Financial*, the issue was the apportionment of indemnity costs for two providers which provided *primary* coverage. 2017 WL 2215263, at *2–3. There the court rejected the argument that *American Casualty Company of Reading v. PHICO Insurance Company*, 702 A.2d 1050 (Pa. 1997) supported allocating the defense costs in equal shares because *American Casualty* explicitly limited its holding, stating that it "shall not apply to those cases where, for instance, there are two or more policies at issue and the policies do not contain irreconcilable and mutually exclusive 'other insurance' provisions." *United Financial*, 2017 WL 2215263, at *3 (quoting *Am. Ca*s. Co., 702 A.2d at 1054 n.7). Thus, the court found that since it was not faced with mutually repugnant other insurance clauses, but rather insurance policies that directly addressed apportionment where another insurer had issued parallel coverage, there was no basis to ignore the provisions of the policy. *Id.*

*United Financial* does not apply to the facts of this case. Unlike *United Financial*, where two insurers issued parallel primary coverage, here, the Court is presented with two providers purporting to supply coverage excess over any other collectible insurance on a proportionate basis. As such, as explained above, in order to follow the provisions of one policy, the Court would be

9

directly conflicting with the express terms of the other policy, and accordingly, the clauses are irreconcilable and must be stricken in toto. Moreover, as "the policies are not agreements between the insurers," the Court should not "rely upon the language of the clauses to determine the proper method of apportionment." *Hoffmaster*, 657 A.2d at 1279 (citation omitted). Rather, this Court must follow the Pennsylvania Supreme Court's direction to apportion the loss using the equal shares approach. *American Cas. Co.*, 702 A.2d at 1056.

In conclusion, given that the "other insurance" provisions are mutually repugnant, this Court must follow the plain pronouncement of the Pennsylvania Supreme Court and direct that ANI and Liberty owe liability coverage on an equal shares basis as described in *American Casualty Company of Reading v. PHICO Insurance Company*, 702 A.2d 1050 (Pa. 1997).

### V.  CONCLUSION

For the foregoing reasons, ANI's Motion for Judgment on the Pleadings (ECF No. 17) is granted only insofar as it seeks a declaration that the relevant excess clauses are mutually exclusive and that the insurers owe coverage on an equal shares basis. ANI's Motion is denied in all other respects. Liberty's Motion for Judgment on the Pleadings (ECF No. 19) is denied in its entirety. An appropriate Order will follow.

**BY THE COURT:**

*/S/KAI N. SCOTT*
**HON. KAI N. SCOTT**
**United States District Court Judge**